■ New York University Hospital Tisch Institute, as Assignee of Ira Kalfus, et al., Respondents, v Merchants Mutual Insurance Co., Appellant. [792 NYS2d 83]—

In an action, inter alia, to recover unpaid no-fault benefits, the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated October 26, 2004, which denied its motion to vacate a judgment entered upon its default in appearing or answering.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the judgment is vacated, the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and the defendant's time to answer the complaint is extended until 20 days after service upon it of a copy of this decision and order.

The denial of the defendant's motion to vacate the judgment entered upon its default in appearing or answering was an improvident exercise of discretion. The defendant insurer's default was not attributable to the insurer's mere delay in forwarding the complaint to counsel (*cf. Campbell v Ghafoor*, 8 AD3d 316 [2004]; *O'Shea v Bittrolff*, 302 AD2d 439 [2003]; *Miles v Blue Label Trucking*, 232 AD2d 382 [1996]), but was occasioned by an inexperienced claims adjuster's reasonable belief that advising opposing counsel, both telephonically and in writing, that no-fault benefits had been exhausted, would suffice to end the matter. The claims adjuster's letter included a copy of the denial of claim form issued to the plaintiff New York University Hospital Tisch Institute, as assignee of Ira Kalfus (hereinafter the plaintiff), and requested that the plaintiff's counsel

"withdraw your summonses regarding this matter and advise our office upon doing so."

Under these circumstances, we find that the defendant demonstrated a reasonable excuse for the default (*see Barajas v Toll Bros.*, 247 AD2d 242 [1998]). When coupled with the meritorious defense of exhaustion of benefits, the brief delay involved, and the complete lack of prejudice to the plaintiff, vacatur of the judgment entered upon the defendant's default was warranted. This is consistent with the strong public policy favoring the determination of controversies on their merits (*see Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC,* 14 AD3d 306 [2005]; *Ray Realty Fulton, Inc. v Lee,* 7 AD3d 772 [2004]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.