■ MOUNT SINAI HOSPITAL, as Assignee of TRINIDAD GOFORTH, Respondent, et al., Plaintiffs, v ALLSTATE INSURANCE COMPANY, Appellant. [811 NYS2d 726]—

In an action to recover no-fault medical payments under an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered April 20, 2005, which granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, asserted on behalf of the plaintiff Mount Sinai Hospital, as assignee of Trinidad Goforth, and, in effect, denied that branch of its cross motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment on the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

In support of that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, asserted on behalf of the plaintiff Mount Sinai Hospital, as assignee of Trinidad Goforth (hereinafter Mount Sinai), sufficient evidentiary proof was submitted to establish, prima facie, that the defendant, Allstate Insurance Company (hereinafter Allstate), did not pay or deny Mount Sinai's claim for no-fault medical payments

within 30 days as required by 11 NYCRR 65-3.8 (c). However, the evidence submitted by Allstate in opposition to the motion and in support of that branch of its cross motion which was for summary judgment dismissing the first cause of action, while insufficient to establish its prima facie entitlement to judgment as a matter of law, was sufficient to raise a triable issue of fact as to whether Mount Sinai complied with a demand for verification in accordance with the mandates of 11 NYCRR former 65.15 (g) (1) (i) and (2) (iii). Until it is established when the 30-day period within which Allstate was required to respond began to run, any claim for payment was premature (*see* 11 NYCRR former 65.15 [g] [1] [i]; [2] [iii]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553 [1999]; *see also Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492 [2005]).

Accordingly, the Supreme Court correctly denied that branch of the cross motion which was for summary judgment dismissing the first cause of action, but should not have granted that branch of the motion which was for summary judgment on the first cause of action. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.