■ New York and Presbyterian Hospital, as Assignee of Anthony Huang, et al., Appellants, v American Home Assurance Company, Respondent. [813 NYS2d 186]—

In an action to recover no-fault insurance benefits, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 15, 2005, which granted the defendant's motion to vacate a judgment entered December 13, 2004, upon its failure to appear or answer, awarding the plaintiffs, as assignees of Anthony Huang, the principal sum of $124,718.36, and granted the defendant leave to interpose an answer.

Ordered that the order is affirmed, with costs.

A party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.,* 59 NY2d 649, 650 [1983]). In this case, the defendant provided a reasonable excuse for its failure to timely appear and answer the complaint based, in part, upon the plaintiffs' failure to accurately spell the name of the defendant's alleged insured in the pleadings which impeded the defendant's ability to locate the relevant policy of insurance.

Additionally, the defendant established a meritorious defense in arguing that the insurance policy, when found, did not afford coverage to the plaintiffs' assignee for the underlying medical expenses (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195, 200 [1997]; *Hospital for Joint Diseases v Allstate Ins. Co.,* 21 AD3d 348, 349 [2005]).

This case is distinguishable from *Wyckoff Hgts. Med. Ctr. v*

*Merchants Ins. Co. of N.H.* (2 AD3d 841 [2003]), in that the period of the defendant's default herein was considerably less than the relevant period in *Wyckoff.* Moreover, in *Wyckoff* the court had found the defendant's default to be willful.

Accordingly, in light of the strong public policy that actions be resolved on their merits, the brief delay involved, the defendant's lack of willfulness, and the absence of prejudice to the plaintiffs (*see New York Univ. Hosp. Tisch Inst. v Merchants Mut. Ins. Co.,* 15 AD3d 554, 555 [2005]; *Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573, 574 [2004]), the Supreme Court providently exercised its discretion in vacating the default and granting the defendant leave to interpose an answer. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.