NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of YAAKOV ELMAN, Respondent, et al., Plaintiffs, v ALLSTATE INSURANCE COMPANY, Appellant. [814 NYS2d 654]—

In an action to recover no-fault benefits under an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 17, 2005, which granted the motion of the plaintiff New York and Presbyterian Hospital, as assignee of Yaakov Elman, for summary judgment on the first cause of action and denied its cross motion for summary judgment dismissing that cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the first cause of action is dismissed.

The Supreme Court should have denied the motion of the plaintiff New York and Presbyterian Hospital, as assignee of Yaakov Elman (hereinafter the hospital), for summary judgment on the first cause of action to recover no-fault benefits under an insurance contract its assignee had with the defendant Allstate Insurance Company (hereinafter the insurer). The hospital failed to establish its entitlement to judgment as a matter of law (*see* CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320-327).

The Supreme Court should have granted the insurer's cross motion for summary judgment dismissing the first cause of action. The insurer made a prima facie showing, through the affidavits of its claims representatives, the "denial of claim" forms sent to the hospital and to Mount Sinai Hospital (the healthcare provider whose claim exhausted the policy limits), and its payment log listing all payments made to other healthcare provid-

ers under the subject policy, that it had exhausted the policy's coverage limits before it became obligated to pay the hospital's claim and that such payments were made in compliance with 11 NYCRR 65-3.15 (*see Nyack Hosp. v General Motors Acceptance Corp.*, 27 AD3d 96 [2005]). In opposition, the hospital failed to raise a triable issue of fact.

The hospital's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.