New York University Hospital Rusk Institute et al., Respondents, v Illinois National Insurance Co. et al., Appellants. [818 NYS2d 585]—

In an action to recover no-fault insurance benefits, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 7, 2005, which denied their motion to vacate a clerk's judgment of the Supreme Court, Nassau County, entered December 8, 2004, upon their failure to appear or answer the complaint, to quash an information subpoena dated March 28, 2005, and to vacate an order of the same court dated May 26, 2005 directing them to comply with the information subpoena.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the clerk's judgment entered December 8, 2004 is vacated, the information subpoena dated March 28, 2005 is quashed, and the order dated May 26, 2005 is vacated.

"A [defendant] seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) 'must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action' " (*New York & Presbyt. Hosp. v American Home Assur. Co.*, 28 AD3d 442 [2006], quoting *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The defendants established both a reasonable excuse for their failure to timely appear and answer the complaint and potentially meritorious defenses, namely, the failure of the plaintiff New York University Hospital Rusk Institute to comply with the defendants' demands for verification of the claim (*see* 11 NYCRR 65-3.8 [a] [1]; *Mount Sinai Hosp. v Allstate Ins. Co.*, 25 AD3d 673, 674 [2006]; *Nyack Hosp. v General Motors Acceptance Corp.*, 27 AD3d 96 [2005]) and the alleged exhaustion of the policy limits through payment of prior claims

(*see Mount Sinai v Allstate Ins. Co.*, 28 AD3d 727 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 12 AD3d 579 [2004]).

Accordingly, in view of the strong public policy that actions be resolved on their merits, the relatively brief delay involved, the defendants' lack of wilfulness, and the absence of prejudice to the plaintiff, the Supreme Court improvidently exercised its discretion in denying the defendants' motion, inter alia, to vacate the December 8, 2004, judgment (*see New York & Presbyt. Hosp. v American Home Assur. Co., supra; New York & Presbyt. Hosp. v Auto One Ins. Co.*, 28 AD3d 441 [2006]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 27 AD3d 708 [2006]; *Hospital for Joint Diseases v Dollar Rent A Car*, 25 AD3d 534 [2006]). Miller, J.P., Adams, Goldstein and Covello, JJ., concur.