■ Loretta Mele, Respondent, v Scott Okubo, Appellant. [827 NYS2d 284]—

In an action, inter alia, to impose a constructive trust, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated June 20, 2005, which granted the plaintiff's motion for leave to enter judgment upon his failure to appear or answer the complaint and denied his cross motion to direct the plaintiff to accept late service of his verified answer and counterclaims.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter judgment upon the defendant's failure to appear or answer the complaint is denied, the defendant's cross motion to direct the plaintiff to accept late service of his verified answer and counterclaims is granted, and the answer and counterclaims annexed to the defendant's cross motion papers are deemed served.

A defendant seeking to vacate his or her default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.,* 33 AD3d 671 [2006]). In this case, the defendant provided a reasonable excuse for his failure to timely appear and answer the complaint based, in part, upon law office failure (*see* CPLR 2005).

Additionally, the defendant established a meritorious defense. "In determining whether the imposition of a constructive trust is warranted to prevent an unjust enrichment, a court looks to four factors: the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and an unjust enrichment" (*Artache v Goldin,* 133 AD2d 596, 600 [1987]; *see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]). Here, the defendant denied that he made any promises to the plaintiff concerning title in the subject premises.

Accordingly, in light of the strong public policy that actions be resolved on the their merits, the brief delay involved, the defendant's lack of willfulness, and the absence of prejudice to the plaintiff (*see A & C Constr. of N.Y. v Flanagan,* 34 AD3d 510 [2006]; *New York Univ. Hosp. Rusk Inst. v Illinois Natl. Ins. Co.,* 31 AD3d 511 [2006]; *New York & Presbyt. Hosp. v American Home Assur. Co.,* 28 AD3d 442, 443 [2006]), the Supreme Court should have denied the plaintiff's motion for leave to enter judgment upon the defendant's failure to appear or answer the complaint and granted the defendant's cross motion to direct

the plaintiff to accept late service of his verified answer and counterclaims.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated June 20, 2005, to strike portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated May 12, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion to strike those portions of the record and the appellant's brief which contain or refer to matter dehors the record is granted, and those references are stricken and have not been considered in the determination of the appeal. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.