WESTCHESTER MEDICAL CENTER, as Assignee of DIEDRE WALSH, Appellant, v HARTFORD CASUALTY INSURANCE COMPANY et al., Respondents. [872 NYS2d 196]—

In an action to recover no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated August 5, 2008, which granted the defendants' motion, inter alia, to vacate a judgment of the same court entered April 10, 2008, upon the defendants' default in appearing and answering the complaint, in favor of the plaintiff and against the defendants in the principal sum of $16,571.91.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a judgment entered upon its default in appearing and answering the complaint must demonstrate a reasonable excuse for its delay in appearing and answering, as well as a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 672-673 [2008]). Here, the defendants established that their employee reasonably believed that the action had been discontinued after she advised the plaintiff's counsel's office that no-fault benefits had been exhausted, thereby demonstrating a reasonable excuse for the short period of time in which they failed either to appear or to answer the complaint (*see New York Univ.*

*Hosp. Tisch Inst. v Merchants Mut. Ins. Co.,* 15 AD3d 554, 554-555 [2005]). In addition, the defendants established that the policy limits had been partially exhausted through the payment of claims for prior services (*see* 11 NYCRR 65-3.15; *Nyack Hosp. v General Motors Acceptance Corp.,* 8 NY3d 294, 301 [2007]; *Montefiore Med. Ctr. v Government Empls. Ins. Co.,* 34 AD3d 771, 772 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.,* 28 AD3d 528, 528-529 [2006]), thereby demonstrating the existence of a potentially meritorious defense to the action. Finally, the plaintiff did not demonstrate prejudice from the defendants' relatively short delay in appearing and answering, and public policy favors the resolution of cases on the merits (*see Verde Elec. Corp. v Federal Ins. Co.,* 50 AD3d at 673). Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to vacate the judgment (*see St. Vincent's Hosp. & Med. Ctr. v Allstate Ins. Co.,* 42 AD3d 525 [2007]; *New York & Presbyt. Hosp. v American Home Assur. Co.,* 28 AD3d 442, 443 [2006]; *New York Univ. Hosp. Tisch Inst. v Merchants Mut. Ins. Co.,* 15 AD3d at 555; *cf. New York Univ. Hosp. Rusk Inst. v Illinois Natl. Ins. Co.,* 31 AD3d 511 [2006]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.