In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Putnam County (Lubell, J.), dated July 16, 2012, which denied that branch of their motion which was for leave to renew their prior motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court (Lubell, J.) entered June 10, 2011, upon, inter *895 alia, an order of the same court (Nicolai, J.) dated January 20, 2011, granting the plaintiffs’ unopposed motion for summary judgment on the issue of liability, and, in effect, to vacate the order dated January 20, 2011, which motion had been denied in an order of the same court (Lubell, J.) dated April 18, 2012, and denied, without prejudice to renewal, those branches of their motion which were to vacate the judgment entered June 10, 2011, and, in effect, the order dated January 20, 2011, pursuant to CPLR 5015 (a) (3) and based upon the doctrine of equitable estoppel.
Ordered that the order dated July 16, 2012, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the motion which was for leave to renew is granted, upon renewal, the order dated April 18, 2012, is vacated, and the prior motion pursuant to CPLR 5015 (a) (1) to vacate the judgment entered June 10, 2011, and, in effect, to vacate the order dated January 20, 2011, is granted.
“ £A motion for leave to renew must (1) be based upon new facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion’ ” (Swedish v Beizer, 51 AD3d 1008, 1010 [2008], quoting Ellner v Schwed, 48 AD3d 739, 740 [2008]; see CPLR 2221 [e]; Wells Fargo Bank, N.A. v Russell, 101 AD3d 860, 861 [2012]; Yerushalmi v Yerushalmi, 82 AD3d 1217, 1217 [2011]). To vacate their default in opposing the plaintiffs’ motion for summary judgment on the issue of liability, the defendants were required to demonstrate a reasonable excuse for their default and a potentially meritorious opposition to that motion (see CPLR 5015 [a] [1]; 1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658 [2013]; Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936 [2012]; Roche v City of New York, 88 AD3d 978, 979 [2011]). “[A]lthough the decision whether to vacate a default judgment rests within the sound discretion of the trial court, it is equally true that a disposition on the merits is favored” (Wilcox v U-Haul Co., 256 AD2d 973, 974 [1998], quoting Hann v Morrison, 247 AD2d 706, 707 [1998] [internal quotation marks omitted]; see Gerdes v Canales, 1A AD3d 1017 [2010]; Lawrence v Palmer, 59 AD3d 394 [2009]; Evolution Impressions, Inc. v Lewandowski, 59 AD3d 1039, 1039-1040 [2009]; Moore v Day, 55 AD3d 803, 804 [2008]).
Here, the Supreme Court denied the defendants’ prior motion pursuant to CPLR 5015 (a) (1) to vacate a judgment entered June 10, 2011, and, in effect, an order dated January 20, 2011, on the ground that they had failed to provide a reasonable *896 excuse for their failure to oppose the plaintiffs’ motion for summary judgment on the issue of liability. In support of that motion, the defendants contended that their default was due to their prior counsel’s withdrawal. However, the defendants made no showing of what efforts, if any, they made to retain new counsel after their prior counsel was granted leave to withdraw and what resources, if any, were available to them. Upon moving for leave to renew, the defendants submitted new facts that cured that deficiency. Moreover, the excuse proffered for failing to submit the new facts on the prior motion was reasonable. Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants’ motion which was for leave to renew their prior motion pursuant to CPLR 5015 (a) (1).
Upon renewal, the defendants offered a reasonable excuse for their default by establishing that it was caused by the withdrawal of the law firm retained by the corporate defendant’s insurance carrier for their defense after it was declared, in a related action, that the insurer had no duty to defend and indemnify the defendants, that the corporate defendant was controlled solely by the plaintiff John Bardes, who chose not to retain new counsel to represent the corporate defendant, and that the individual defendant was unable to afford to retain new counsel (see Gerdes v Canales, 74 AD3d at 1018; Evolution Impressions, Inc. v Lewandowski, 59 AD3d at 1040; see also HSBC Bank USA N.A. v Nuteh 72 Realty Corp., 70 AD3d 998, 999 [2010]; Rothstein v Collazo, 65 AD3d 1213 [2009]; Zimet v Bufano, 65 AD3d 1037 [2009]; Westchester Med. Ctr. v Hartford Cas. Ins. Co., 58 AD3d 832 [2009]). The defendants further established that they possessed a potentially meritorious opposition to the plaintiffs’ motion for summary judgment on the issue of liability (see Tann v Herlands, 224 AD2d 230 [1996]; Enker v Slattery Constr. Co., 34 AD2d 673 [1970]). Under the particular circumstances of this case, and in light of the public policy that favors the resolution of cases on the merits, upon renewal, the defendants’ prior motion to vacate the judgment entered June 10, 2011, and, in effect, the order dated January 20, 2011, should be granted.
In light of the foregoing, we need not reach the defendants’
remaining contentions.
Rivera, J.P, Lott, Roman and Hinds-Radix, JJ., concur.