Charles Deng Acupuncture, P.C., as Assignee of Anette Brezil, Appellant, 
against
American Commerce Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 31, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff raises no issue with respect to defendant's showing that the policy in question is a Massachusetts insurance policy. On the record before us, the application of Massachusetts law to the substantive issues is proper (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; Auten v Auten, 308 NY 155, 160-161 [1954]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 60 [2000]). Massachusetts law requires minimum compensation for personal injury protection benefits in the amount of $8,000 for one person in any one accident (see Mass Gen Laws Ann ch. 90, § 34A) and provides for optional medical payments under an insurance policy "to a limit of at least" $5,000 for one person in any one accident (see Mass Gen Laws Ann ch. 175, § 113C). Defendant made a prima facie showing, through the affidavits of its employees and through the submission of evidence in admissible form, including the insurance policy at issue and defendant's payment log, that the policy provided for a limit of $13,000 in medical expenses coverage. Plaintiff's own submission, the affidavit of its owner, showed that plaintiff had mailed the claim, which comprised the first cause of action, to defendant after the policy limit had been exhausted (see New York and Presbyt. Hosp. v Allstate Ins. Co., 28 AD3d 528 [2006]). The record further demonstrates that defendant established, prima facie, that it had paid the claims which comprised the second and third causes of action. Plaintiff failed to raise a triable issue of fact in opposition, and its remaining arguments are without merit or were not preserved for appellate review. Consequently, plaintiff's motion for summary judgment was properly denied and defendant's cross motion for summary judgment dismissing the complaint was properly granted.
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 08, 2016