Parisien v Allstate Ins. Co. (2022 NY Slip Op 22262)

Parisien v Allstate Ins. Co.

2022 NY Slip Op 22262 [76 Misc 3d 14]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 19, 2022

[*1]

Jules Francois Parisien, M.D., as Assignee of Emma Pierre-Louis, Appellant,
v
Allstate Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, August 12, 2022

APPEARANCES OF COUNSEL

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel) for appellant.
Abrams, Cohen & Associates, P.C. (Frank Piccininni of counsel) for respondent.

{**76 Misc 3d at 15} OPINION OF THE COURT

Memorandum.

Ordered that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits from the alleged insurer of its assignor, defendant failed to appear or answer the complaint, and a default judgment was entered on July 26, 2018. On September 6, 2018, defendant served an answer and, in November 2018, it moved to vacate the default judgment. Plaintiff appeals from an order of the Civil Court entered October 21, 2019, granting defendant's motion, finding that defendant had demonstrated a reasonable excuse for its default and a meritorious defense.
In its moving papers, defendant explained that its default had been due to its own failure to forward the complaint to its attorneys. However, it asserted that it had not ignored the matter, but rather had informed plaintiff several months prior to the commencement of the action that it was not the insurance carrier for plaintiff's assignor—an assertion which plaintiff has never contradicted. Upon receiving notice of the default judgment, defendant requested that the action [*2]be "withdrawn." Defendant thereafter referred the matter to its counsel, which promptly served an answer and then moved to vacate the default judgment.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The determination of what constitutes a reasonable{**76 Misc 3d at 16} excuse for a default generally lies within the sound discretion of the motion court (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886 [2019]). Here, in light of the absence of an evident pattern of neglect and counsel's prompt actions, upon entering the case, in seeking to vacate the default (see Barajas v Toll Bros., 247 AD2d 242, 242-243 [1998]), the meritorious defense of lack of coverage, which plaintiff has never disputed, plaintiff's failure to claim any prejudice by reason of the brief delay involved (see New York Univ. Hosp. Tisch Inst. v Merchants Mut. Ins. Co., 15 AD3d 554, 555 [2005]; see also Matter of A&F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 878 [2021]; Allstate Ins. Co. v North Shore Univ. Hosp., 163 AD3d 745, 746 [2018]), and the public policy favoring the resolution of cases on the merits (see Allstate Ins. Co. v North Shore Univ. Hosp., 163 AD3d at 746; Westchester Med. Ctr. v Hartford Cas. Ins. Co., 58 AD3d 832, 833 [2009]; Legion Ins. Co. v James, 27 Misc 3d 128[A], 2010 NY Slip Op 50593[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]), we conclude that the Civil Court providently exercised its discretion in granting defendant's motion.
Accordingly, the order is affirmed.

Weston, J. (dissenting and voting to reverse the order and deny defendant's motion to vacate the default judgment in the following memorandum).
When defendant was served with a summons and complaint on May 29, 2018, it elected not to forward the matter to its attorney to serve and file an answer because it believed that plaintiff's claim is meritless. Defendant did not answer until September 6, 2018, approximately six weeks after a default judgment had been entered on July 26, 2018, and more than three months after service. A party may not choose when to answer and, given the lengthy delay in answering, it is clear that defendant's default was intentional and, therefore, inexcusable (see Fok v Insurance Co. of N. Am., 151 AD2d 722, 722 [1989]). Since defendant failed to establish a reasonable excuse for its default in answering the complaint, defendant's motion should have been denied without the need to consider whether defendant demonstrated the existence of a potentially meritorious defense (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887 [2019]; New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d 683, 684 [2016]).
Accordingly, I vote to reverse the order and deny defendant's motion to vacate the default judgment.{**76 Misc 3d at 17}
Aliotta, P.J., and Buggs, J., concur; Weston, J., dissents in a separate memorandum.