Matter of Inwald (2022 NY Slip Op 05167)

Matter of Inwald

2022 NY Slip Op 05167

Decided on September 14, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-09354

[*1]In the Matter of Scott Inwald, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Scott Inwald, respondent. (Attorney Registration No. 2007425)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition dated December 15, 2020, and a verified petition dated December 10, 2020, and the respondent served and filed a verified answer dated January 4, 2021. By decision and order on application dated April 20, 2021, this Court referred the matter to the Honorable Abraham G. Gerges, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 29, 1985.

Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Aidala, Bertuna & Kamins, P.C., New York, NY (Barry Kamins of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated December 15, 2020, and a verified petition dated December 10, 2020, containing four charges of professional misconduct. The respondent served and filed a verified answer dated January 4, 2021, admitting to all the factual allegations in the petition. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated January 22, 2021, and the respondent served and filed a statement of disputed and undisputed facts dated February 11, 2021, indicating that no facts and charges were disputed. After a hearing, the Special Referee submitted a report dated October 24, 2021, in which he sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent, through counsel, also moves to confirm the Special Referee's report, and submits that a public censure would be the appropriate sanction.
The Petition 
Charge one alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent maintains one of his escrow accounts [*2]at Chase Bank, titled "Scott Inwald, Esq. P.C. Attorney Trust Account IOLA" with an account number ending in 8592 (hereinafter the escrow account). The respondent maintained funds entrusted to him as a fiduciary, incident to his practice of law, in the escrow account. On or about November 27, 2017, the respondent deposited a check in the sum of $15,000 from the City of New York, representing his earned legal fee in an infant compromise matter, into the escrow account. On September 4, 2018, the respondent deposited an additional $4,465 of personal funds into the escrow account.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct, as follows:
Montoban and Hilaire 
On or about May 10, 2018, the respondent deposited two settlement checks totaling $18,000 into his personal savings account, which he maintained at Chase Bank. Of the $18,000 deposited, $12,000 was for client Patrick Montoban and $6,000 was for client Marie Hilaire. On or about June 1, 2018, the respondent issued at least two checks from the escrow account on behalf of the Montoban and Hilaire matters, totaling $10,711, which partially cleared against other client funds. On the day that these two checks cleared, the respondent had $7,983 of his personal funds in the escrow account, and therefore, $2,728 cleared against other client funds.
Berline, Pearson, and Schettino 
On or about June 19, 2018, the respondent deposited three settlement checks, totaling $27,000, for clients E. Berline, S. Pearson, and M. Schettino into the escrow account. Between in or about June 19, 2018, and June 21, 2018, the respondent issued at least three checks totaling $9,571 payable to himself representing his legal fees for the above three client matters from the escrow account. When the three checks cleared on June 21, 2018, the respondent had $6,843 of his personal funds in the escrow account. Thus, the three checks payable to the respondent cleared, in part, against other client funds in the escrow account.
Campbell, et al. 
The respondent maintained a checking account at Chase Bank, titled "934 Atlantic Avenue, LLC" (hereinafter the Atlantic Avenue account), for a rental property he owns with his wife. On or about September 4, 2018, the respondent deposited five settlement checks for clients C. Campbell, C. Allen, T. Anjum, M. Santana, and K. Jean-Louis (hereinafter collectively Campbell, et al.) totaling $41,750 into the Atlantic Avenue account. On or about September 7, 2018, the respondent issued five checks from the escrow account to himself for legal fees pertaining to Campbell, et al., totaling $14,873, and one check in the sum of $3,866 payable to one of the five clients mentioned above. On September 11, 2018, the six checks cleared the escrow account, in part, against client funds because the respondent only had $2,069 in personal funds on deposit in the escrow account. Therefore, the sum of $16,670 cleared against other clients' funds.
Charge three alleges that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct. Specifically, the respondent failed to maintain a ledger or similar record for the escrow account showing the source of all funds deposited therein; the names of all persons for whom the funds were held; the amount of such funds; the description and amounts; and the names of all persons to whom such funds were disbursed.
Charge four alleges that the respondent failed to timely file retainer and closing statements with the Office of Court Administration (hereinafter OCA) as required by 22 NYCRR 691.20, in violation of rule 8.4(h) of the Rules of Professional Conduct. Between the audited period of April 2018 and September 2018, the respondent received settlement funds for approximately 54 personal injury cases. Of the 54 cases, only one retainer statement and one closing statement was filed with OCA.
The Hearing 
At the hearing, the Grievance Committee did not call any witnesses but submitted as exhibits the various letters by the respondent answering the Grievance Committee's inquiries during its investigation and the transcript of the respondent's examination under oath (hereinafter EUO) conducted on September 23, 2019.
At his EUO, the respondent testified that, since his admission in 1985, he practiced mainly in the field of personal injury and negligence. The respondent worked for a law firm for approximately 13 years and then he opened his own practice, which he still maintains today. The [*3]respondent works primarily at his home office, but has support staff at another location. At first, the respondent testified at the EUO that he maintained three IOLA accounts for bookkeeping purposes, but when questioned further, he could not sufficiently explain why he maintained three IOLA accounts. Toward the end of the EUO, after the respondent had an opportunity to speak with his attorney, the respondent corrected his testimony and stated that he had six attorney escrow accounts, four at Chase Bank, and two at Sterling Bank. Like his accounts at Chase Bank, the respondent could not sufficiently explain why he had two escrow accounts at Sterling bank. The respondent also maintained three business checking accounts for his law firm. When questioned whether he maintained a ledger with a running balance for his escrow accounts, he testified, "In my mind I did." According to the respondent, he never had a problem with his escrow accounts and he believed that "if it's not broken, why fix it."
Regarding the $18,000 in Montoban/Hilaire settlement funds that were mistakenly deposited into the respondent's savings account, he admitted at his EUO that he did not realize this mistake until approximately one year later in May 2019, after the Grievance Committee commenced its investigation, at which point, he restored the funds to the escrow account. Despite testifying that he reviewed the subject escrow account statements every month to reconcile, the respondent admitted that the $18,000 "slipped by" him for a year because his reconciliation was "not apparently so great."
At the hearing, the respondent testified that on January 12, 2018, he received a letter of advisement from the Grievance Committee because between June 2016 and approximately February 2017, his bookkeeper issued two checks for payroll purposes from his escrow account. The respondent initially did not recall receiving this letter of advisement at his EUO. The respondent thought he took sufficient remedial measures to avoid future mistakes in his escrow account until September 2018, when a client contacted him regarding a dishonored check. When the respondent discovered that he had deposited settlement checks into the Atlantic Avenue account instead of the escrow account, he immediately issued a new check to his client.
The respondent also testified at the hearing that he faced personal medical issues during the period underlying his misconduct. However, on cross-examination, when the Grievance Committee pointed out that some of the misconduct in the petition predated the respondent's personal medical issues, the respondent answered, "The records speak for themselves. I don't recall the specifics of Montoban and Hilaire." Additionally, the respondent testified that he has changed his office practice for depositing checks into his escrow account and implemented additional measures to reconcile his escrow accounts.
Regarding the retainer and closing statements, the respondent admitted that he did not previously see it as a priority and he failed to file them with OCA. His new procedure is to file the retainer statements when he is first retained, and file the closing statements when he distributes the settlement checks.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue a public censure in view of the mitigation presented, including, inter alia, the personal medical issues the respondent experienced, his remorse, and the evidence of his good character. Notwithstanding the aforementioned mitigating factors, after the respondent was issued a letter of advisement concerning a dishonored check from his escrow account in January 2018, he still failed to reconcile his escrow account, and in May 2018, another escrow mishap occurred regarding the Montoban and Hilaire matters, which the respondent had not realized until one year later, after the Grievance Committee started its investigation on the respondent's escrow account. The respondent testified that a client notified him of a dishonored check in September 2018, at which point, he discovered that he had deposited checks into the wrong account. Although he immediately reissued a check to the client, the respondent failed again to reconcile his account at this point, or he would have discovered the Montoban/Hilaire mishap which occurred in May 2018. Indeed, months into the Grievance Committee's investigation, the respondent was still unable to account for $23,000 in his escrow account. Despite the red flags alerting him to the mismanagement of his escrow account, the respondent continued to disregard his obligation under rule 1.15 to safeguard funds belonging to another person and to maintain proper bookkeeping records for his escrow [*4]account.Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year.LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report and the respondent's motion to confirm the Special Referee's report are granted; and it is further,
ORDERED that the respondent, Scott Inwald, is suspended from the practice of law for a period of one year, commencing October 14, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 14, 2023. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Scott Inwald, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Scott Inwald, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court