Machado v Galdava (2024 NY Slip Op 51644(U))

[*1]

Machado v Galdava

2024 NY Slip Op 51644(U)

Decided on December 2, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2024
Supreme Court, Kings County

Richard Anthony Machado, Plaintiff,

against
Levan Galdava and ZURAS SERVICES, INC, Defendants.

Index No. 515280/2022

Alexander Umansky, Fort Lee, NJ (Daniel Berke of counsel), for plaintiff.
Kelly, Rode & Kelly, LLP, Mineola (Alana M. Sullivan of counsel), for defendants.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion:
Filed by Defendants
Doc No. 5: Notice of motion
Doc No. 6: Affirmation of Alana M. Sullivan, Esq. in support
Doc No. 7: Affirmation of service of motion papers
Doc No. 8: Statement of authorization for electronic filing
Doc No. 9: Request for Judicial Intervention
Filed by Plaintiff
Doc No. 10: Stipulation of adjournment
Filed by Court
Doc No. 11: Order rejecting adjournment
Filed by Plaintiff
Doc No. 12: Affirmation of Alexander Umansky, Esq. in opposition
Doc No. 13: Exhibit 1 - Appellate Division decision
Doc No. 14: Exhibit 2 - State Farm letter
Doc No. 15: Exhibit 3 — Email to State Farm
Doc No. 16: Affirmation of service of opposition papers
Filed by Court
Doc No. 17: Adjournment interim order
Filed by Defendants
Doc No. 18: Reply affirmation of Alana M. Sullivan, Esq. in support
Doc No. 19: Affirmation of service of reply affirmation
Doc No. 20: Statement of authorization for electronic filing
Previously Filed by Plaintiff
Doc No. 1: Summons and complaint
Doc No. 2: Affidavit of service on Defendant Galdava
Doc No. 3: Affidavit of service on Defendant Zuras Services Inc
Upon the foregoing papers, having heard oral argument[FN1]
, and due deliberation having been had, the within motion by defendants to dismiss plaintiff's summons and complaint is determined as follows.
Background
The complaint in this action alleged that plaintiff was the operator of a vehicle on July 13, 2021, on Second Avenue between East 84th and East 85th Streets in New York County, when struck in the rear by defendant Levan Galdava, who drove a tuck owned by defendant Zuras Services, Inc. (see NY St Cts Elec Filing [NYSCEF] Doc No. 1, complaint). Claiming personal injuries from the accident, Plaintiff retained attorney Scott Inwald, who filed a summons and complaint on May 25, 2022 (see id. at 6).
Proof of service on defendant Galdava by substituted service and mailing was filed on June 8, 2022. Service being complete ten days later pursuant to CPLR 308 (2), Defendant Galdava's answer was due July 18, 2022. Defendant Zuras Services, Inc. was served on June 1, 2022. Said defendant's answer was due June 21, 2022. (See NYSCEF Doc No. 6, Sullivan aff ¶¶ 4-5.) On September 10, 2024, defendants moved for an order dismissing the summons and complaint on the ground that plaintiff failed to take proceedings for a default judgment against them within one year of service of the complaint (see NYSCEF Doc No. 5, notice of motion).

Movants' (Defendants') Contentions
Defendants contend that they were in default by July 2022 at the latest, two years have elapsed since then, and plaintiff has failed to move for entry of a default judgment. As a result, plaintiff's summons and complaint should be dismissed, pursuant to CPLR 3215 (c):
Default not entered within one year. If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action. (CPLR 32125 [c].)

 Plaintiff's Opposition
Plaintiff's attorney, Alexander Umansky, argues that dismissal of a summons and complaint is discretionary with the court. Here, although State Farm Insurance Company, who insured defendants' truck, was aware of Scott Inwald's representation of plaintiff, it neglected to answer the complaint and this situation has lasted for three years and three months. Inwald was suspended from the practice of law by order of the Appellate Division dated September 14, 2022 and effective October 14, 2022. Umansky took over representation of plaintiff on September 30, 2022. Umansky attempted to obtain plaintiff's file from Inwald. The file transfer was not completed until July 2023. It was due to the lack of the file that a default motion against defendants was never made. (See NYSCEF Doc No. 12, Umansky aff; Matter of Inwald, 209 AD3d 116 [2d Dept 2022])
Plaintiff did not neglect the case, it is argued.Neither are defendants prejudiced since they too did not proceed, as they did not answer the complaint. Defendants filed this motion to cover up their failure in filing an answer. (See NYSCEF Doc No. 12, Umansky aff.)
In light of the foregoing, the Court should accept law office failure as a reasonable excuse for not moving for a default within the one-year period prescribed by CPLR 3215 (c). Defendants' motion should be denied and they should be ordered to answer the complaint. (See id.)

Movants' (Defendants') Reply Contentions
The language of CPLR 3215 (c) is mandatory, replied defendants. The word "shall" is used therein. While the statute does provide that the failure to move for a default may be excused if sufficient cause is shown, plaintiff has not made such a showing. Plaintiff's unsubstantiated assertion of law office failure is conclusory. There are no details. Plaintiff failed to proffer any evidence to substantiate any efforts made to obtain the file from Inwald. Neither did plaintiff move the Court to compel transfer of the file from Inwald. Even if the file was not obtained from Inwald until July 2023, no motion was made to extend the time to move for a default. Moreover, plaintiff failed to prove that the underlying action has merit.

Oral Argument
The Court heard oral argument on November 27, 2024. Defendants basically argued the points advanced in their papers. Plaintiff sought an adjournment, conceding that the papers filed in opposition were "insufficient."

Discussion
Initially, the Court denies plaintiff's application for an adjournment to correct his papers, which were, as his appearing counsel described, insufficient. Defendants' reply papers were already filed, so they would be prejudiced (see Palmer v Cadman Plaza N., 215 AD3d 759 [2d Dept 2023]). No written application for an adjournment was filed per IAS Part 2 Rules, Part II, Subpart D, § 1 (viewable at https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml).
The standards for applying CPLR 3215 (c)'s provisions have been discussed in Second Department case law. For example, in NYCTL 2009-A Trust v Kings Hwy. Realty Co. (147 AD3d 866, 867-868 [2d Dept 2017]), it was stated:
Pursuant to CPLR 3215 (c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "Sufficient cause" requires a showing of a reasonable excuse for the delay in timely moving for leave to enter a default judgment, plus a demonstration that the cause of action is potentially meritorious (see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d 793, 793 [2016]; Ryant v Bullock, 77 AD3d 811, 811 [2010]; Solano v Castro, 72 AD3d 932, 932-933 [2010]; 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653, 653 [2010]). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d 301, 308 [2011]; see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d at 793; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752 [2014]). However, "reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d 932, 932 [2008]; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752).
Conclusory and unsubstantiated allegations as to why an attorney failed to bring a timely motion for a default judgment are not acceptable (see Bank of NY Mellon v Toscano, 216 AD3d 607, 610 [2d Dept 2023]; Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 786 [2d Dept 2022]; Katz v Mangel, 173 AD3d 989, 990 [2d Dept 2019]; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096 [2d Dept 2018]). This applies also to claims of law office failure as the reason for not moving within the one-year period (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911 [2d Dept 2019]; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 964 [2d Dept 2018]; Pipinias v Sackaris & Sons, Inc., 116 AD3d 749, 752 [2d Dept 2014]).
In NYCTL 2009-A Trust v Kings Hwy. Realty Co., cited above, more than two years after the defendant defaulted in answering the amended complaint, the plaintiffs moved for the appointment of a referee to compute the amount due on a tax lien. The court held that the plaintiffs failed to offer a reasonable excuse for their delay in seeking a default judgment. This was evidenced in the fact that the plaintiffs' tax lien servicer's affidavit which was submitted was sworn to on August 28, 2012, prior to the expiration of the one-year period for moving for a default judgment; the amended complaint which the defendant had not answered was served in December 2011, i.e., the one-year period expired in December 2012.
Similar to NYCTL 2009-A Trust v Kings Hwy. Realty Co., where an affidavit was dated within the one-year period, in the case at bar the affidavits of service were prepared within the one-year period. They were filed on NYSCEF as Document Nos. 2 and 3. At the time that [*2]attorney Umansky took over representation of plaintiff on September 30, 2022, the one-year period for moving for a default judgment against defendants had not yet expired. It was to expire in July 2023. Umansky did not utilize the NYSCEF-filed affidavits of service for the purpose of moving against defendants. In fact, he never made a motion for a default judgment.
Actions of prior attorneys do not provide carte blanche excuse for escaping the consequences of CPLR 3215 (c)'s requirement that a plaintiff move for a default judgment within one year after an answer to a complaint is due (e.g. Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783; US Bank, N.A. v Onuoha, 162 AD3d 1094).
Plaintiff's moving papers emphasize defendants' failure to answer his complaint, but case law imposes the burden on a plaintiff to establish why he did not move for a default judgment (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909 at 911[2d Dept 2019]). "Meat needs to be put on the bones of the plaintiff's affidavit" (Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3215:16 [2021]).
The lengthier a delay, it is less likely that a plaintiff's neglect will be excused (see Dillon, Prac Commentaries, CPLR C3215:16). Here, more than two years elapsed since defendants' default yet plaintiff took no proceedings for the entry of a default judgment (see Deutsche Bank Trust Co. Ams. v Deutsch, 157 AD3d 767 [2d Dept 2018]).
The Court rejects plaintiff's explanation for the failure to move for a default judgment within the one-year period ending July 2023. First, the affirmation submitted by plaintiff's current attorney states in paragraph 1 that he represents Anthony Maria Duarte, when plaintiff is Richard Anthony Machado (See NYSCEF Doc No. 12, Umansky aff ¶ 1). He did not list plaintiff as his client under his signature (see id. at 6). This leads the Court to question whether the current attorney is even familiar with the facts of this case.
Second, as mentioned above, the current attorney did not utilize the NYSCEF-filed affidavits of service in order to make a motion for a default judgment.
Third, the current attorney's reference to seeking the file from suspended attorney Inwald is conclusory and unsubstantiated. While the current attorney complained that he received the file from suspended attorney Inwald in July 2023, he did not detail how many attempts he made to obtain the file and did not explain why he did not seek a court order compelling Inwald to hand it over (see id. ¶¶ 9, 17).
Fourth, the current attorney, who took over the case on September 30, 2022, concededly received the file in July 2023: "the complete file transfer was not completed until July 2023 [emphasis in original] [,] leaving the incoming attorney out of time to file for a default motion against the defendants pursuant to CPLR 3215 (c)" (id. ¶ 17). July 2013 was the very month that the one-year period expired with respect to defendant Galdava. We do not know the date in July 2023 that current counsel received the file, so the one year may not yet have elapsed or it may have with respect to defendant Galdava.[FN2]
 If it elapsed, current counsel made no effort to immediately move for a default judgment and provide an explanation of what transpired. If it didn't elapse, there was still time. It is not that difficult to compile a set of papers for a motion for a default judgment, particularly considering that the affidavits of service were already uploaded to NYSCEF by Inwald back in June 2022. July 2023 turned into August 2023, September 2023, October 2023, November 2023, and December 2023, and then the calendar [*3]transitioned into 2024, and all through 2024 no motion was made, albeit late, for a default judgment. Finally, what brought this matter to a head was defendants' September 30, 2024 motion to dismiss the action.
Plaintiff's counsel cited Bardes v Pintado (115 AD3d 894 [2d Dept]) for the proposition that "the courts held that the disbarment of the prior attorney and the failure to turn over the file can be considered a reasonable excuse for the firm's failure to prosecute the case" (id. ¶ 17). Bardes v Pintado does not stand for the cited proposition. In that case, the defendants had defaulted in opposing the plaintiffs' motion for summary judgment. The defendants argued that their default in opposing summary judgment was due to prior counsel's withdrawal. That counsel had been procured for defendants by their insurance carrier. He withdrew when, in a related action, the insurance carrier obtained a determination that it had no duty to defend and indemnify the defendants. The corporate defendant was controlled solely by the plaintiff, who chose not to retain new counsel to represent the corporate defendant. The individual defendant was unable to afford new counsel. The Appellate Division held that under the particular circumstances of the case, vacatur of the default in opposing summary judgment should have been granted.
Hence, plaintiff's counsel misstates the holding of Bardes v Pintado. The decision had nothing to do with disbarment of a prior attorney and it had nothing to do with a failure to turn over a file.
Finally, this Court notes that nowhere in plaintiff's opposition was there any statement about the merits of plaintiff's cause of action. Plaintiff did not submit an affidavit of merit. Counsel's affirmation did not incorporate by reference the allegations in the complaint, barebones as they are. There is no bill of particulars submitted, presumably because none was ever prepared. Plaintiff has not delineated anything about his alleged injuries — relevant because they would have to meet the serious injury threshold of Insurance Law §§ 5102 (d) and 5104 (a). The Court surmises that the lack of an affidavit of merit is what caused counsel appearing at oral argument to concede that plaintiff's papers were insufficient.[FN3]
 The lack of an affidavit of merit was not explained. The shortcoming of not discussing the merits of plaintiff's cause of action in the opposition papers alone merits granting defendants' motion (see Solano v Castro, 72 AD3d 932 [2d Dept 2010]; Mattera v Capric, 54 AD3d 827 [2d Dept 2008]; Rendelman v Southside Hosp. [2d Dept 1988] [verified complaint contained only conclusory allegations of negligence]; Cousins v Grant, 166 AD2d 494 [2d Dept 1990]).
Based on the foregoing, the Court finds that plaintiff has failed to meet the "sufficient cause" standard of CPLR 3215 (c) for excusing his failure to take proceedings for the entry of judgment within one year of defendants' default.
It is true that the resolution of cases on the merits is favored (see Bardes v Pintado, 115 AD3d at 896). It is also true that the law reflects society's interest in giving repose to human affairs, and this is furthered by deadlines which lead to stability and predictability when enforced (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 20 [2021]). One's ability to defend claims diminishes with the passage of time (see Blanco v American Tel. & Tel. Co., 90 NY2d 757, 773 [1997]; Martin v Edwards Labs., Div. of Am. Hosp. Supply Corp., 60 NY2d 417, 425 [1983]). These principles were set forth by this state's Supreme Court close to 200 years ago:
[T]he presumption [is] that a man will naturally enjoy what belongs to him, and therefore from his not having sought relief, that his claim has been satisfied or relinquished; and upon the policy that one shall not, by neglecting to establish his demands, subject another to insuperable difficulties in resisting them. (Chalmer v. Bradley, Jac. & W. 63. Hillary v. Waller, 12 Ves. 265. Pickering v. Ld. Stanford, 2 Ves. jr. 280. Jeremy, 549.) In the language of Ld. Erskine, (13 Ves. 397,) human affairs call aloud for such principles in the administration of justice. (Bruen v Hone, 2 Barb 586, 596 [Sup Ct 1848].)
Judicial economy is also enhanced through the enforcement of deadlines (see Blanco v American Tel. & Tel. Co., 90 NY2d at 773-774 [1997]).
It is now more than three years past the date of the subject motor vehicle accident. The statute of limitations has elapsed. Plaintiff would now have this Court excuse his failure to proceed on his claim and compel defendants to interpose an answer, undergo discovery, be subject to motion practice, and defend liability at a trial. This is in addition to imposing a burden on defense counsel (retained by the insurance carrier) to locate defendant driver Galdava and try to jog his memory as to what occurred on July 13, 2021. This Court declines to entertain plaintiff's invitation to restart the engine of litigation. It is time for any claims of plaintiff resulting from his July 13, 2021 motor vehicle accident to repose and for all parties and the court system to close their books on this case.

 Conclusion
It is hereby ORDERED that the motion of defendants Levan Galdava and Zuras Services, Inc. to dismiss plaintiff Richard Anthony Machado's summons and complaint is GRANTED. Said summons and complaint are hereby dismissed and the Clerk shall enter judgment to that effect.

Footnotes

Footnote 1: Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: The one-year deadline expired in June with respect to defendant Zuras Services, Inc. 

Footnote 3: Appearing counsel may have been retained on a per diem basis; he was not counsel of record.