■  NYCTL 2009-A Trust et al., Respondents, v Kings Highway Realty Co., Appellant, et al., Defendants. [47 NYS3d 111]—

In an action to foreclose a tax lien, the defendant Kings Highway Realty Co., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated May 20, 2015, as granted that branch of the plaintiffs' motion which was for an order of reference upon its failure to appear or answer the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiffs' motion which was for an order of reference is denied, a subsequent order of the Supreme Court, Kings County, dated November 7, 2014, is vacated, and the amended complaint is dismissed as abandoned pursuant to CPLR 3215 (c).

In November 2010, the plaintiffs commenced this action against, among others, the defendant Kings Highway Realty Co. (hereinafter the appellant) to foreclose a tax lien which had been filed against real property owned by the appellant. In August 2011, the plaintiffs moved for leave to amend the complaint. The appellant had not answered the complaint. On the return date of the motion for leave to amend the complaint, counsel for the plaintiffs and for the appellant appeared. The Supreme Court, in an order dated November 7, 2011, granted the plaintiffs' motion and extended the appellant's time to answer to November 30, 2011.

In December 2011, the plaintiffs served the appellant with copies of the supplemental summons and amended complaint. Based upon the date of service of the amended complaint, the appellant had until January 11, 2012, to answer the amended complaint. The appellant failed to answer by that date.

In February 2014, more than two years after the appellant had defaulted in answering the amended complaint, the plaintiffs moved for the appointment of a referee to compute the amount due on the tax lien and to amend the caption of the action. The appellant opposed the motion on the ground that the amended complaint should be dismissed since the plaintiffs failed to seek leave to enter a default judgment within one year of its default as required by CPLR 3215 (c). By order dated November 7, 2014, the Supreme Court granted that branch of the plaintiffs' motion which was for an order of reference. Subsequently, the court issued the order appealed from, which granted the plaintiffs' motion.

Pursuant to CPLR 3215 (c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "Sufficient cause" requires a showing of a reasonable excuse for the delay in timely moving for leave to enter a default judgment, plus a demonstration that the cause of action is potentially meritorious (see *Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d 793, 793 [2016]; *Ryant v Bullock*, 77 AD3d 811, 811 [2010]; *Solano v Castro*, 72 AD3d 932, 932-933 [2010]; *115-41 St. Albans Holding Corp. v Estate of Harrison*, 71 AD3d 653, 653 [2010]). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]; see *Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d at 793;

*Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752 [2014]). However, "reversal is warranted if that discretion is improvidently exercised" (*Butindaro v Grinberg*, 57 AD3d 932, 932 [2008]; *see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 752).

Here, the plaintiffs did not seek leave to enter a judgment against the appellant within the one-year period following its default. The appellant is correct that the plaintiffs failed to offer a reasonable excuse for their delay in seeking a default judgment after it did not respond to the amended complaint (*see Baruch v Nassau County*, 134 AD3d 658, 659 [2015]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459, 460 [2008]). The affidavit of the agent of the lien servicer which was submitted by the plaintiffs in support of their motion was sworn to on August 28, 2012, prior to the expiration of the one-year period set forth in CPLR 3215 (c), and the affidavit demonstrated that transfer of the servicing of the lien occurred in June 2011. The plaintiffs contended that their delay should be excused because there was a new servicer of the lien subsequent to the service of the amended complaint and they needed time to obtain the affidavit of merit necessary to move for an order of reference. This contention was refuted by their own submissions, however, because the amended complaint was served in December 2011 (*see Baruch v Nassau County*, 134 AD3d at 659).

The plaintiffs' remaining contentions are without merit or need not be considered in light of our determination.

Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for an order of reference and dismissed the amended complaint as abandoned pursuant to CPLR 3215 (c). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.