HSBC Bank USA, N.A. v Seidner (2018 NY Slip Op 02202)





HSBC Bank USA, N.A. v Seidner


2018 NY Slip Op 02202


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2015-06875
 (Index No. 15897/11)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Matthew Seidner, etc., appellant, et al., defendants.


Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew Seidner pro se of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Cameron E. Grant, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Matthew Seidner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 14, 2015, as granted the plaintiff's motion for an order of reference and denied that branch of his cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for an order of reference is denied, and that branch of the cross motion of the defendant Matthew Seidner which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted.
The plaintiff commenced this mortgage foreclosure action on November 9, 2011. The defendant Matthew Seidner was served with process on November 14, 2011, but did not answer or otherwise respond to the complaint.
On April 15, 2014, the plaintiff filed a request for judicial intervention and moved for an order of reference. Seidner cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court, among other things, granted the plaintiff's motion and denied that branch of the cross motion which was pursuant to CPLR 3215(c), concluding that the matter had been on the calendar of the settlement conference part until August 2014, and that "[t]ime on the calendar of the conference part should be considered sufficient cause' within the meaning of CPLR 3215(c)" as to why the complaint should not be dismissed. Seidner appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should [*2]not be dismissed." "Sufficient cause" requires a showing of a reasonable excuse for the delay in timely moving for leave to enter a default judgment, plus a demonstration that the cause of action is potentially meritorious (see NYCTL 2009-A Trust v Kings Hwy. Realty Co., 147 AD3d 866, 867; Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d 793; Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d 301, 308; see NYCTL 2009-A Trust v Kings Hwy. Realty Co., 147 AD3d at 867). However, "reversal is warranted if that discretion is improvidently exercised" (NYCTL 2009-A Trust v Kings Hwy. Realty Co., 147 AD3d at 868 [internal quotation marks omitted]; see Whiteside v Manfredi, 132 AD3d 851, 852).
Here, Seidner was in default as of the beginning of December 2011, 20 days after having been served with process (see CPLR 3012[a]), yet the plaintiff took no steps to initiate proceedings for the entry of a default judgment until April 15, 2014. The plaintiff failed to offer any excuse for its delay of more than two years in seeking a default judgment, other than conclusory and unsubstantiated claims that "a significant portion" of the delay was caused by "Hurricane Sandy." This was insufficient to establish a reasonable excuse (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Moreover, the Supreme Court's finding that the matter had been on the calendar of the settlement conference part until August 2014 was of no relevance under the particular circumstances presented. In the usual case, if a request for judicial intervention in a matter subject to mandatory settlement conferences is filed within the one-year deadline imposed by CPLR 3215(c), the time thereafter to move for a default judgment is tolled while settlement conferences are pending (see 22 NYCRR 202.12-a[c][7]; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852). Here, however, it is undisputed that this action was not subject to mandatory settlement conferences (see 22 NYCRR 202.12-a[a]) and, in any event, the matter was not transferred to the settlement conference part until well after the deadline of CPLR 3215(c) had passed.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination.
Accordingly, the Supreme Court should have granted that branch of Seidner's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and should have denied the plaintiff's motion for an order of reference.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court