Deutsche Bank Natl. Trust Co. v Allenstein (2022 NY Slip Op 00300)





Deutsche Bank Natl. Trust Co. v Allenstein


2022 NY Slip Op 00300


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-01104 
2018-01105
 (Index No. 3561/10)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Jeff Allenstein, et al., defendants; Contact Holdings Corp., nonparty-appellant.


Warner & Scheuerman, New York, NY (Karl E. Scheuerman and Jonathon D. Warner of counsel), for nonparty-appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Ryan Sirianni, Leah N. Jacob, and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Contact Holdings Corp. appeals from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated October 12, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied the cross motion of nonparty Contact Holdings Corp. for leave to intervene in the action and to dismiss the complaint as abandoned. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference are denied, and the cross motion of nonparty Contact Holdings Corp. for leave to intervene in the action and to dismiss the complaint as abandoned is granted.
In August 2005, the defendant Jeff Allenstein obtained a mortgage from the plaintiff's predecessor in the amount of $474,050. In February 2010, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that Allenstein failed to make payments due on June 1, 2007, and thereafter. Allenstein and the other defendants were served with the summons and complaint, but failed to answer or appear. Nonparty Contact Holdings Corp. (hereinafter Contact) purchased the subject property on September 24, 2012.
In September 2014, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. That motion was initially granted subject to review by the foreclosure department, but was subsequently denied in October 2015, with leave to renew upon a showing of a reasonable excuse for the delay in moving for leave to enter a default judgment and a potentially meritorious cause of action. In September 2016, the Supreme Court dismissed the complaint as abandoned, unless the plaintiff proceeded to entry of judgment within 90 days. By notice of motion dated November 22, 2016, the plaintiff again moved, inter alia, for leave to enter a default judgment and for an order of reference. Contact cross-moved for leave to intervene in the action and to dismiss the complaint as abandoned pursuant to CPLR 3215(c). The court, inter alia, [*2]granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied Contact's cross motion. Contact appeals.
The Supreme Court should have granted that branch of Contact's cross motion which was for leave to intervene in this action. "Upon timely motion, any person shall be permitted to intervene in any action . . . (2). when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or (3). when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012[a]). A timely motion for leave to intervene should be granted when the intervenor has a real and substantial interest in the outcome of the proceedings (see Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677).
Intervention pursuant to CPLR 1012 requires a timely motion (see U.S. Bank N.A. v Bisono, 98 AD3d 608, 609). The fact that Contact obtained its interest in the property after this action was commenced and the notice of pendency was filed does not definitively bar intervention (see US Bank NA v Carrington, 179 AD3d 743, 743-744). "[I]ntervention may occur at any time, provided that it does not unduly delay the action or prejudice existing parties" (Halstead v Dolphy, 70 AD3d 639, 640). "In examining the timeliness of the motion, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Here, under the circumstances, Contact's cross motion, inter alia, for leave to intervene was timely. Significantly, it was made in response to the plaintiff's motion, among other things, for leave to enter a default judgment and for an order of reference, which was made approximately 6½ years subsequent to the default of the defendants. Although Contact's cross motion, inter alia, for leave to intervene was made approximately 4½years subsequent to its purchase of the property, since it was made before an order of reference or a judgment of foreclosure and sale was issued, the plaintiff was not prejudiced by the timing of the cross motion (see Bank of Am., NA v Nocella, 194 AD3d 900; cf. Citimortgage, Inc. v Dulgeroff, 138 AD3d 419; see generally Roman Catholic Diocese of Brooklyn, NY v Christ the King Regional High Sch., 164 AD3d 1394).
The Supreme Court also should have granted that branch of Contact's cross motion which was to dismiss the complaint as abandoned. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." The language of the statute is strictly construed, as it is mandatory that the court "shall" dismiss such claims (CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961). The one exception to this mandatory language is when "sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). This requires a showing of a reasonable excuse for the delay in moving for leave to enter a default judgment, and a showing that the cause of action is potentially meritorious (see Bank of N.Y. v Kushnir, 150 AD3d 946).
Here, there is no dispute that the plaintiff failed to move for leave to enter a default judgment within one year of the defendants' default, which occurred in April 2010. The plaintiff first moved, inter alia, for leave to enter a default judgment and for an order of reference in September 2014, more than four years after the defendants had defaulted. The plaintiff failed to establish a reasonable excuse for failing to move for leave to enter a default judgment within one year of the defendants' default (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848). The determination as to whether an excuse is reasonable is committed to the sound discretion of the motion court, but reversal is warranted if that discretion is improvidently exercised (see NYCTL 2009-A Trust v Kings Hwy. Realty Co., 147 AD3d 866; Staples v Jeff Hunt Devs., Inc., 56 AD3d 459). Here, the plaintiff's excuses for failing to timely move for leave to enter a default judgment and for an order of reference were insufficient since the events in question occurred after the one-year time period had already expired (see US Bank N.A. v Davis, 196 AD3d 530, 534).
Moreover, the plaintiff offered only conclusory and unsubstantiated allegations as to why its prior attorneys failed to bring a timely motion that were not supported with evidence in admissible form by a person with personal knowledge of the facts (see US Bank, N.A. v Onuoha, 162 [*3]AD3d 1094). The plaintiff's vague, conclusory, and unsubstantiated assertions that these delays were attributable to, inter alia, changes in loan servicer and counsel, and compliance with a then newly adopted administrative order, were insufficient to excuse the lengthy delay in moving for leave to enter a default judgment (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see BAC Home Loan Servicing, L.P. v Bertram, 171 AD3d 994).
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court