Bank of N.Y. Mellon v Toscano (2023 NY Slip Op 02294)

Bank of N.Y. Mellon v Toscano

2023 NY Slip Op 02294

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-08716
2019-08717
2020-01005
 (Index No. 135583/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Laura Toscano, etc., et al., defendants; East Fork Funding, LLC, nonparty-appellant.

Rosenberg Fortuna & Laitman LLP, Garden City, NY (Anthony R. Filosa of counsel), for nonparty-appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty East Fork Funding, LLC, as successor in interest to the defendant Laura Toscano, appeals from (1) an undated order of the Supreme Court, Richmond County (Desmond A. Green, J.), (2) an order and judgment of foreclosure and sale (one paper) of the same court dated May 13, 2019, and (3) an order of the same court dated December 12, 2019. The undated order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied that branch of the cross-motion of nonparty East Fork Funding, LLC, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Laura Toscano as abandoned. The order and judgment of foreclosure and sale, upon the undated order, inter alia, directed the sale of the subject property. The order dated December 12, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was for an extension of time to conduct the foreclosure sale of the subject property.
ORDERED that the appeal from the undated order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross-motion of nonparty East Fork Funding, LLC, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Laura Toscano as abandoned is granted, and the undated order is modified accordingly; and it is further,
ORDERED that the appeal from the order dated December 12, 2019, is dismissed as academic in light of our determination on the appeal from the order and judgment of foreclosure and sale; and it is further,
ORDERED that one bill of costs is awarded to nonparty East Fork Funding, LLC.
In July 2014, the plaintiff commenced this action against the defendant Laura Toscano (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Staten Island. The defendant failed to appear or answer the complaint. In September 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated April 5, 2017, the Supreme Court granted the plaintiff's motion. In May 2018, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale.
On October 19, 2018, the property was conveyed to nonparty East Fork Funding, LLC (hereinafter East Fork), via a referee's deed in another foreclosure action. Thereafter, East Fork, as the defendant's successor in interest (see CPLR 1018), opposed the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned. In an undated order, the Supreme Court granted the plaintiff's motion and denied that branch of East Fork's cross-motion. In an order and judgment of foreclosure and sale dated May 13, 2019, the court, inter alia, directed the sale of the subject property. Thereafter, the plaintiff moved, among other things, to extend its time to conduct the foreclosure sale of the property. In an order dated December 12, 2019, the court, inter alia, granted that branch of the plaintiff's motion. East Fork appeals.
The appeal from the undated order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the undated order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 348).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of the statute is strictly construed, as it is mandatory that the court 'shall' dismiss such claims" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 786, quoting CPLR 3215[c]; see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). Contrary to East Fork's contention, "'where an action is subject to a mandatory settlement conference (see CPLR 3408), the one-year deadline imposed by CPLR 3215(c) is tolled while settlement conferences are pending'" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621, quoting Cumanet, LLC v Murad, 188 AD3d 1149, 1151; see 22 NYCRR 202.12-a[c][7]; JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787).
It is undisputed that this action was released from the foreclosure settlement conference part in March 2015. Accordingly, the one-year period within which the plaintiff had to take proceedings for the entry of a default judgment expired in March 2016 (see CPLR 3215[c]). The plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference in September 2016, 18 months after this matter was released from the foreclosure settlement conference part. Thus, the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant was made beyond the one-year deadline imposed by CPLR 3215(c).
One exception to the mandatory language of CPLR 3215(c) is when "sufficient cause is shown why the complaint should not be dismissed." "This requires a showing of a reasonable excuse for the delay in moving for leave to enter a default judgment, and a showing that the cause of action is potentially meritorious" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785-786; see Bank of N.Y. v Kushnir, 150 AD3d 946, 948). The determination as to whether an excuse is reasonable is committed to the sound discretion of the court, but reversal is warranted if that discretion is improvidently exercised (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785-786; NYCTL 2009-A Trust v Kings Hwy. Realty Co., 147 AD3d 866, 868).
Here, the plaintiff's vague, conclusory, and unsubstantiated assertions that the delay [*2]in making its motion was attributable to the time spent in the mandatory foreclosure settlement conference part, and its need to comply with certain administrative orders, were insufficient to excuse the lengthy 18-month delay in moving for leave to enter a default judgment (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843).
"Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 786; see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 996). Thus, the Supreme Court should have granted that branch of East Fork's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 786; BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d at 996).
The parties' remaining contentions either are without merit, have been rendered academic, or need not be reached in light of our determination.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court