## Pacific Inv. Mgt. Co. LLC v Humboldt Ams. LLC

2024 NY Slip Op 32495(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 650524/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

PACIFIC INVESTMENT MANAGEMENT COMPANY LLC,

Plaintiff,

- v -

HUMBOLDT AMERICAS LLC, and PETRA
MANAGEMENT LIMITED,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650524/2024 |
| **MOTION DATE** | 04/04/2024 |
| **MOTION SEQ. NO.** | MS 004 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 102, 103, 104, 105, 106, 107, 108, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129 were read on this motion to/for             PARTIES - ADD/SUBSTITUTE/INTERVENE             .

In this action arising from defendants Humbolt Americas LLC and PETRA Management Limited's default on repaying notes they issued to plaintiff Pacific Investment Management Company LLC (PIMCO) and others under a Receivables Sale Agreement (RSA), non-parties Teachers Insurance and Annuity Association of America, Pacific Life Insurance Company, The Lincoln National Life Insurance Company (together the "Nuveen Advised Funds"); as well as Guaranty Income Life Insurance, United Life Insurance Company, Lincoln Benefit Life Company, and Kuvare Life Re Ltd. (the "Kuvare Advised Funds," and together with the Nuveen Advised Funds, the "proposed-intervenors" or "Majority Noteholders") move by order to show cause pursuant to CPLR 1012(a) or alternatively CPLR 1013 to intervene in this matter (NYSCEF # 106, proposed- intervenors' MOL). PIMCO opposes the motion (NYSCEF # 123, PIMCO's MOL in Opp). For the reasons below, the motion is granted.

As background, defendant Humboldt Americas LLC (Humboldt) has a program in which it buys and sells interests in receivables in packages of notes, using the collections from the receivables to purchase more receivables to sell more notes ("the Humboldt Program") (NYSCEF # 106 at 2-3). In general, Humboldt receives interests in receivables from various countries and in various currencies, and then packages them into notes that it sells in various "series" made up of all notes "backed by [r]eceivables in one or more currencies" (NYSCEF # 123 at 4). The purchasers of these series become noteholders, whose interests in the notes are governed by the terms of the RSA (NYSCEF # 106 at 3).

650524/2024   PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT
AMERICAS LLC ET AL
Motion No.  004

Page 1 of 5

[* 1]

PIMCO holds Series 5 notes, which are backed by receivables in Colombian pesos. PIMCO's notes represent about 13% of the total notes in the Humboldt Program across all series (*id.* at 2, citing NYSCEF # 22). Apple Bank, which already intervened in this case, owns 16.5% of the total notes (*id.* at 3, citing NYSCEF # 49). By contrast, the proposed-intervenors own over 70% of the total notes, hence their moniker "Majority Noteholders" (*id.*).

According to the Majority Noteholders, the RSA gives them special privileges due to their ownership of the majority of notes in the program. Specifically, they are considered "Required Purchasers," giving them the ability to direct or even replace the "program manager" of the Humboldt Program—defendant PETRA Management Limited (PETRA) (*id.* at 4).

The scope of the Required Purchasers/Majority Noteholders' authority is arguably at the heart of the issues in this case. PIMCO alleges that defendants defaulted on their payment obligations under the RSA, triggering a "waterfall" repayment provision that required defendants to repay PIMCO before other noteholders *and* stop purchasing new receivables with the money from collections (*see* NYSCEF # 123 at 5-6). However, the Majority Noteholders, as Required Purchasers, instructed defendants to continue purchasing receivables and refrain from paying anyone back under the waterfall provision (*id.* at 5). The Majority Noteholders asserted that all noteholders should be paid back at the same time, *pro rata*, per § 1.3(b)(iv) of the RSA (*see* NYSCEF # 125, Reply, at 4-5). Defendants, apparently facing either a lawsuit from PIMCO on the waterfall provision or a lawsuit from the Majority Noteholders for disregarding instructions, chose to follow the Majority Noteholders instructions, leading to this case.

Prior to this motion, the court held a hearing on PIMCO's request for a temporary restraining order (TRO) to halt defendants from purchasing receivables (*see* NYSCEF # 104, Tr 3/14/24 - TRO Hearing). The Majority Noteholders also appeared at that hearing, answering questions from the gallery (*id.* at 51:25 – 52:6). The court ultimately denied the TRO on the balance of equities, finding compelling "defendants' representation that their receivables-liquidation business would collapse without the ability to buy and sell receivables, which would negatively affect repayment to all note-holders beyond just [PIMCO]" (NYSCEF # 50 at 3).

The Majority Noteholders now bring this motion to intervene pursuant to CPLR 1012(a) or CPLR 1013 (NYSCEF # 106 at 4). They claim that they may intervene as of right under CPLR 1012(a)(2) because this case is still in its infancy, and because any decision and judgment will affect both the Majority Noteholders' repayment priority and the scope of their contractual authority to direct the defendants (*id.*). They similarly argue that permissive intervention under CPLR 1013 is appropriate because there will be no undue delay and because the court repeatedly recognized during the TRO hearing that the Majority Noteholders are mentioned throughout all the briefing (*id.* at 9, citing NYSCEF # 81).

650524/2024  PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL
Motion No. 004

Page 2 of 5

2 of 5

[* 2]

PIMCO opposes intervention arguing that intervention under either statute is premature because under the clear terms of § 1.3(b)(iv) of the RSA, defendants must stop buying and selling receivables before any party may receive *pro rata* payment (NYSCEF # 123 at 9). PIMCO further argues that the Majority Noteholders have no substantial interest in the case because nothing in the RSA allows the Majority Noteholders to instruct defendants to continue purchasing receivables, and because the Majority Noteholders' notes are junior so payment priority does not matter (*id.*). Moreover, the Majority Noteholders do not explain how they would be bound by any judgment the court ultimately makes (*id.* at 11). Finally, PIMCO argues that even if the Majority Noteholders filed a timely motion and have a substantial interest in the case, their interests are already adequately represented because the Majority Noteholders are aligned with PETRA (*id.* at 1).

The Majority Noteholders reply that the motion is not premature because, as the court recognized in its order denying the TRO, injunctive relief would "negatively affect repayment to all note-holders beyond just [PIMCO]" (NYSCEF # 125, Reply, at 4, quoting NYSCEF # 50). They also claim that their interests are real: their notes are *not* junior but in fact equal to PIMCO's, and they have rights under the RSA to permit reinvestment in receivables (*id.* at 4-5). Moreover, PIMCO's own briefing in other motions repeatedly mentions and even blames the Majority Noteholders, undermining PIMCO's position that Majority Noteholders do not have any interest here (*id.* at 5-6). Finally, the Majority Noteholders argue that their interests are not already adequately represented because defendants are the Majority Noteholders' adversaries just as much as PIMCO's—the default affects everyone (*id.* at 6-7). Even though they are temporarily aligned with PETRA, they claim to ultimately have conflicting interest here.

"Any person shall be permitted to intervene in any action . . . when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 (a)(2)). And under "CPLR 1013, upon timely motion, a court may, in its discretion, permit intervention when, inter alia, the person's claim or defense and the main action have a common question of law or fact, provided the intervention does not unduly delay determination of the action or prejudice the rights of any party" (*Yuppie Puppy Pet Products, Inc. v St. Smart Realty, LLC*, 77 AD3d 197, 200-01 [1st Dept 2010]). The timeliness of a motion to intervene considers whether the delay would cause a delay in resolution of the action or otherwise prejudice a party" (*id.* at 201).

Here, PIMCO does not point to any delay or prejudice that would result from granting the motion, and there is none. Discovery has not yet begun; there are still pending pre-answer motions to dismiss and a pending motion for preliminary injunction. The only possible delay at this point would be from the Majority Noteholders filing briefing on the preliminary injunction motion—except that they preemptively filed a response brief on the response deadline, giving PIMCO the

**650524/2024  PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL**
**Motion No. 004**

Page 3 of 5

3 of 5

[* 3]

chance to reply to their arguments (*see* NYSCEF # 164). Moreover, no one articulates any possible prejudice here.

PIMCO's only argument that is remotely related to timeliness is that this motion is "premature" because § 1.3(b)(iv) of the RSA does not trigger *pro rata* payment unless defendants stop purchasing receivables. But this argument is better considered an argument on the substantial interests in play, and thus does not shift the calculus on timeliness.

Turning to the merits of the motion, "distinctions between intervention as of right and discretionary intervention are no longer sharply applied" (*Yuppie Puppy*, 77 AD3d at 201). Instead, "intervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (*id.*). So long as the intervening party has a "real and substantial interest in the outcome of this litigation," intervention is permitted (*Deutsche Bank Natl. Tr. Co. v Allenstein*, 201 AD3d 783, 785 [2d Dept 2022]). That said, "whether movant will be bound by the judgment within the meaning of [CPLR 1012(a)(2)] is determined by its *res judicata* effect" (*Vantage Petroleum v Bd. of Assessment Review of Town of Babylon*, 61 NY2d 695, 698 [1984]).

Here, there is little doubt that the Majority Noteholders have a real and substantial interest in the outcome. Whether the issue of *pro rata* payments is premature is of little consequence because any ruling on defendants' obligations or payment priority under the RSA will necessarily affect every noteholder. Such decisions will require a ruling about whether the Majority Noteholders had the power under the RSA to order PETRA to continue reinvesting in receivables. A decision defining a party's contractual rights is surely the sort of "real and substantial interest" that is contemplated under the statutes.

Moreover, any decision about the waterfall or *pro rata* provisions will affect the order that *all* noteholders are repaid. There are four entities that own notes under the Humboldt Program: (1) PIMCO and (2) Apple Bank, who together own 29.5% of the notes; (3) the Majority Noteholders, who own 70% of the notes; and (4) the unidentified owners of the remaining 0.5%. With PIMCO and Apple Bank already in the case, the final judgment will explicitly define the order of repayment for two out of four noteholders, and implicitly define the order for the remaining two. Given that all noteholders will be bound by the court's decision (*see Vantage Petroleum*, 61 NYS2d at 698), it is only fair for the remaining noteholders to plead their case as well.

Finally, there is enough divergence of interests here to grant the Majority Noteholders' motion. CPLR 1012(a)(2) allows intervention when representation "*may* be inadequate," not only when it is currently inadequate. While the Majority Noteholders are temporarily aligned with defendants, there is no guarantee this state of affairs will continue. If, for instance, the court rules that the Majority

**650524/2024  PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL**
**Motion No.  004**

**Page 4 of 5**

[* 4]

Noteholders had no right to instruct defendants to continue reinvestments, there will be significant questions about whether the defendants have any interest in listening to the Majority Noteholders again.

In sum, this motion to intervene is timely, the Majority Noteholders have a substantial interest in the outcome of the litigation, and their interests may not be adequately represented as this litigation continues.

Accordingly, it is hereby

ORDERED that the motion to intervene (MS004) is granted, and Teachers Insurance and Annuity Association of America, Pacific Life Insurance Company, The Lincoln National Life Insurance Company (together the "Nuveen Advised Funds"); as well as Guaranty Income Life Insurance, United Life Insurance Company, Lincoln Benefit Life Company, and Kuvare Life Re Ltd. (the "Kuvare Advised Funds," and together with the Nuveen Advised Funds, the "Majority Noteholders") are now parties to the case; and it is further

ORDERED that the caption shall be amended to reflect the intervenor parties; and it is further

ORDERED within ten (10) days of the e-filing of this order, the Majority Noteholders shall (i) e-file an Intervenor-Answer which is consistent with the proposed Intervenor-Answer (NYSCEF # 105); and (ii) serve a copy of the Intervenor-Answer on all parties.

| 7/23/2024 | | | | MARGARET A. CHAN, J.S.C. | |
| DATE | | | | | |

CHECK ONE:
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| X | GRANTED | DENIED | | GRANTED IN PART | OTHER |

APPLICATION:
| | SETTLE ORDER | | | SUBMIT ORDER | |

CHECK IF APPROPRIATE:
| | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

650524/2024 PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL
Motion No. 004

Page 5 of 5

5 of 5