Ocwen Loan Servicing, LLC v Buonauro (2024 NY Slip Op 06586)

Ocwen Loan Servicing, LLC v Buonauro

2024 NY Slip Op 06586

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-08182
 (Index No. 608954/16)

[*1]Ocwen Loan Servicing, LLC, respondent, 
v
Vincent Buonauro, etc., et al., appellants, et al., defendants.

Scalzi & Nofi, PLLC, Hicksville, NY (Vincent J. Nofi of counsel), for appellants.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Vincent Buonauro and Deborah Buonauro appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated August 22, 2022. The order and judgment of foreclosure and sale, upon (1) an order of the same court (Howard H. Heckman, Jr., J.) dated January 25, 2019, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference, (2) an order of the same court (Howard H. Heckman, Jr., J.) dated September 18, 2019, denying those defendants' motion, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, to vacate the order dated January 25, 2019, and for leave to serve a late answer, and (3) an order of the same court (S. Betsy Heckman Torres, J.) dated August 22, 2022, inter alia, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the motion of the defendants Vincent Buonauro and Deborah Buonauro which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, those branches of those defendants' motion which were to vacate the order dated January 25, 2019, and for leave to serve a late answer are denied as academic, those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference are denied, the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale is denied as academic, and the orders dated January 25, 2019, September 18, 2019, and August 22, 2022, are modified accordingly.
In June 2016, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Vincent Buonauro and Deborah Buonauro (hereinafter together the defendants). The defendants failed to timely answer the complaint or otherwise appear in the action. A mandatory settlement conference was held on September 13, 2016, at which the defendants failed to appear, and the matter was released from the foreclosure settlement conference part on the same day. On November 29, 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In an order dated January 25, 2019, the Supreme Court granted the plaintiff's motion.
In May 2019, the defendants moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, to vacate the order dated January 25, 2019, and for leave to serve a late answer. In an order dated September 18, 2019, the Supreme Court denied the defendants' motion. The court determined that the plaintiff failed to move for leave to enter a default judgment within one year after the action was released from the mandatory foreclosure settlement conference part but that the plaintiff nevertheless demonstrated "sufficient cause why the complaint should not be dismissed" pursuant to CPLR 3215(c).
Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. In an order dated August 22, 2022, the Supreme Court, inter alia, granted the plaintiff's motion. On the same date, the court issued an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendants appeal.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned .
. . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "This statute is strictly construed, as '[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned'" (U.S. Bank N.A. v Benitez, 211 AD3d 765, 766, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). However, "[a] plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating 'sufficient cause' for why the complaint should not be dismissed" (U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932). "'This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious'" (id., quoting Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, since the action was released from the foreclosure settlement conference part on September 13, 2016, the one-year period within which the plaintiff had to take proceedings for the entry of a default judgment against the defendants expired in September 2017 (see Bank of N.Y. Mellon v Toscano, 216 AD3d 607, 609). However, the plaintiff did not move for leave to enter a default judgment until November 29, 2018, more than 26 months after the action was released from the foreclosure settlement conference part. Thus, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants was made beyond the one-year deadline imposed by CPLR 3215(c) (see U.S. Bank N.A. v Dickerson, 223 AD3d at 932; Bank of N.Y. Mellon v Toscano, 216 AD3d at 609).
Contrary to the Supreme Court's determination, the plaintiff failed to demonstrate a reasonable excuse for its failure to take proceedings for the entry of a default judgment within one year after the action was released from the mandatory foreclosure settlement conference part (see U.S. Bank N.A. v Dickerson, 223 AD3d at 932; U.S. Bank N.A. v Benitez, 211 AD3d at 766). The plaintiff's allegations concerning an excuse for its delay in seeking a default judgment were conclusory and unsubstantiated, as they were not supported with evidence in admissible form by a person with personal knowledge of the facts (see U.S. Bank N.A. v Benitez, 211 AD3d at 766; U.S. Bank N.A. v Penate, 176 AD3d 758, 760-761). Since the plaintiff failed to establish a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Citimortgage, Inc. v Kimmerling, 220 AD3d 838, 840).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference (see Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654).
The parties' remaining contentions either need not be reached in light of our determination, are improperly raised for the first time on appeal, or are without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court