Greenpoint Mtge. Funding, Inc. v Recinos (2025 NY Slip Op 04707)

Greenpoint Mtge. Funding, Inc. v Recinos

2025 NY Slip Op 04707

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-01322
 (Index No. 21194/08)

[*1]Greenpoint Mortgage Funding, Inc., appellant,
v
Aida Recinos, et al., defendants; Sandra Youssef, nonparty-respondent.

Greenberg Traurig, LLP, New York, NY (Sarah D. Lemon and Patrick G. Broderick of counsel), for appellant.
Jonathan S. Koren, P.C., Brooklyn, NY, for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 15, 2023. The order, insofar as appealed from, in effect, granted that branch of the motion of nonparty Sandra Youssef which was pursuant to CPLR 1018 to substitute herself as a defendant in place of the defendants Aida Recinos and Carmen A. Recinos, and granted that branch of the motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2003, the defendants Aida Recinos and Carmen A. Recinos (hereinafter together the borrowers) executed a mortgage in the amount of $90,000 in favor of the plaintiff. In August 2008, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that the borrowers failed to make payments due on May 1, 2008, and thereafter. The borrowers failed to appear or answer the complaint.
In April 2019, while this action was pending, the Board of Managers of the Barclay Gardens Condominium (hereinafter the Board) commenced a foreclosure action involving the subject property. The Board alleged that the borrowers owed certain common charges and late fees. A judgment of foreclosure and sale was entered in that action on October 11, 2019, and, on December 6, 2019, an individual named Samir Youssef purchased the subject property at auction for $330,000. Thereafter, Samir Youssef assigned his bid to his daughter, Sandra Youssef. By deed dated January 6, 2020, the subject property was conveyed to Sandra Youssef.
In or around March 2023, Sandra Youssef moved pursuant to CPLR 1012 and 1013 for leave to intervene in this action and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her. Sandra Youssef later amended her notice of motion and sought, pursuant to CPLR 1018, to substitute herself as a defendant in this action as the successor in interest to the borrowers. In an order entered September 15, 2023, the Supreme Court, in effect, granted that branch of Sandra Youssef's motion which was pursuant to CPLR 1018 to substitute herself as a defendant in place of the borrowers, and granted that branch of her motion which was pursuant to [*2]CPLR 3215(c) to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
"[U]pon any transfer of interest, [an] action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (LaSalle Bank N.A. v Abedin, 236 AD3d 773, 776 [internal quotation marks omitted]; see CPLR 1018). "A motion for substitution may be made by the successors or representatives of a party or by any party" (CPLR 1021). "The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812 [internal quotation marks omitted]).
Here, in support of her motion, Sandra Youssef demonstrated that she was the sole owner of the subject property as her father had purchased the property at auction and it had been deeded to her after the commencement of this action. Thus, the Supreme Court properly determined that Sandra Youssef was the successor in interest to the borrowers (see U.S. Bank N.A. v Ashon, 226 AD3d 941, 942; Bank of N.Y. Mellon v Toscano, 216 AD3d 607, 608-609).
"CPLR 3215(c) provides that, if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 576 [alteration and internal quotation marks omitted]). "This statute is strictly construed, as the language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d 972, 974 [alteration, citation, and internal quotation marks omitted]). However, there is an exception to this mandatory dismissal if the plaintiff shows "sufficient cause" as to why the complaint should not be dismissed (see CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d at 974 [internal quotation marks omitted]).
Sandra Youssef, as successor in interest to the borrowers, had standing to move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the borrowers as abandoned (Wells Fargo Bank, N.A. v Robinson-John, 220 AD3d 974, 976). It is undisputed that this action was commenced in 2008 and that in the 14 years since the commencement of this action, the plaintiff failed to move for entry of a default judgment. Thus, because the plaintiff failed to take proceedings for the entry of a default judgment within the statutorily required time frame of one year and did not offer any reasonable excuse for this failure, the Supreme Court properly granted that branch of Sandra Youssef's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her (see Ocwen Loan Servicing, LLC v Buonauro, 233 AD3d at 975; Bank of N.Y. Mellon v Toscano, 216 AD3d at 608-609).
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
Accordingly, we affirm the order insofar as appealed from.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court