JDRM LLC v Chowdury (2026 NY Slip Op 00357)

JDRM LLC v Chowdury

2026 NY Slip Op 00357

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-02364
 (Index No. 724520/20)

[*1]JDRM LLC DBPP, SM, SKP & JD, LLC, respondent,
vMoynu Z. Chowdury, et al., defendants; Jusnara Tarafdar, nonparty-appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for nonparty-appellant.
Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Jusnara Tarafdar appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 8, 2024. The order denied the motion of nonparty Jusnara Tarafdar, inter alia, for leave to intervene in the action and to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated March 2, 2020.
ORDERED that the order is affirmed, with costs.
In January 2013, the plaintiff's predecessor in interest commenced this action against Xiu Q. Li and Rui Li, among others, to foreclose a mortgage encumbering certain real property located in Queens. A notice of pendency was filed at the time the action was commenced. In April 2014, Xiu Q. Li and Rui Li conveyed the property to Moynu Z. Chowdury. In October 2016, the plaintiff's predecessor in interest moved, inter alia, for leave to amend the complaint to add Chowdury as a defendant, and the Supreme Court granted the motion. In May 2017, Chowdury conveyed the property to Jusnara Tarafdar.
In an order dated March 27, 2019, the Supreme Court granted the motion of the plaintiff's predecessor in interest, among other things, for leave to enter a default judgment and for an order of reference. In an order and judgment of foreclosure and sale dated March 2, 2020, the court granted the motion of the plaintiff's predecessor in interest, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property.
In December 2023, Tarafdar moved, among other things, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale. In an order entered March 8, 2024, the Supreme Court denied Tarafdar's motion. Tarafdar appeals.
"'Intervention under CPLR 1012 and 1013 requires a timely motion'" (Deutsche Bank Natl. Trust Co. v De La Hoz, 235 AD3d 718, 719 [internal quotation marks omitted], quoting Federal Natl. Mtge. Assn. v Jean, 189 AD3d 1178, 1179; see U.S. Bank, N.A. v Tsimbalisty, 181 [*2]AD3d 749, 750). "Generally, '[a] timely motion for leave to intervene should be granted when the intervenor has a real and substantial interest in the outcome of the proceedings'" (Deutsche Bank Natl. Trust Co. v De La Hoz, 235 AD3d at 719, quoting Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785). "When considering whether a motion for leave to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (id. [internal quotation marks omitted], quoting U.S. Bank, N.A. v Tsimbalisty, 181 AD3d at 750; see Deutsche Bank Natl. Trust Co. v Sharrow, 232 AD3d 767, 769). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (Deutsche Bank Natl. Trust Co. v De La Hoz, 235 AD3d at 719 [internal quotation marks omitted]).
Here, more than six years elapsed between Tarafdar taking title to the property and her moving for leave to intervene in the action. While Tarafdar alleges that she was not properly served with process after the plaintiff's predecessor in interest amended the complaint, she does not aver that she lacked actual notice of the action (see id.; 1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). Accordingly, the Supreme Court properly denied Tarafdar's motion, inter alia, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale.
Tarafdar's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court