Jaber v Elayyan

2026 NY Slip Op 02254

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Juber Jaber, respondent,

v

Muzner Elayyan, defendant, et al., nominal defendants; 12 Whitwell Realty Corp., nonparty-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-09716, (Index No. 151161/17)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Werig Saltiel LLP, New York, NY (Dan M. Blumenthal of counsel), for nonparty-appellant.

Gabor & Marotta LLC, Staten Island, NY (Daniel C. Marotta and Ilyssa Gabor Florio of counsel), for respondent.

Aboushi Law Firm, New York, NY (Aymen A. Aboushi of counsel), for nominal defendant Farhoud Jaber.

[*1]

DECISION & ORDER

In an action, inter alia, to impose a constructive trust and for a judgment declaring that the plaintiff is the equitable owner of a certain parcel of real property, nonparty 12 Whitwell LLC appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated November 1, 2022. The order denied the motion of nonparty 12 Whitwell, LLC, for leave to intervene in the action, and thereupon, to vacate a decision of the same court dated August 2, 2022, and to deem served the proposed answer with counterclaims of nonparty 12 Whitwell, LLC.

ORDERED that the order is affirmed, with one bill of costs.

In 2017, the plaintiff commenced this action, alleging that he was the equitable owner of a certain parcel of real property located in Staten Island (hereinafter the property), which was owned by the defendant 12 Whitwell Realty Corp. (hereinafter Realty Corp.) (see Jaber v Elayyan, ____ AD3d ____ [Appellate Division Docket No. 2022-08061; decided herewith]; Jaber v Elayyan, 191 AD3d 964, 965; Jaber v Elayyan, 168 AD3d 693, 694). In October 2017, Realty Corp. allegedly leased the property to MBR Catskill Corp. (hereinafter MBR). Daniel Resnick was the president of MBR. On December 13, 2018, Realty Corp. sold the property to nonparty 12 Whitwell, LLC (hereinafter Whitwell LLC). Resnick was the managing member of Whitwell LLC.

In a decision dated August 2, 2022, made after a nonjury trial, the Supreme Court found, inter alia, that the plaintiff established the requisite elements of a constructive trust by clear and convincing evidence (see Jaber v Elayyan, ____ AD3d ____ [Appellate Division Docket No. 2022-08061; decided herewith]). On August 26, 2022, Whitwell LLC moved for leave to intervene, and thereupon, to vacate the decision and to deem served Whitwell LLC's proposed answer with counterclaims. The court issued a judgment dated September 16, 2022, upon the decision, imposing a constructive trust in favor of the plaintiff on the property and declaring that the plaintiff was the owner of the property (see Jaber v Elayyan, ____ AD3d ____ [Appellate Division Docket No. 2022-[*2]08061; decided herewith]). In an order dated November 1, 2022, the court denied Whitwell LLC's motion for leave to intervene, and thereupon, to vacate the decision and to deem served Whitwell LLC's proposed answer with counterclaims. Whitwell LLC appeals from the order dated November 1, 2022.

"Upon a timely motion, a person is permitted to intervene in an action as of right, '1. when a statute of the state confers an absolute right to intervene; or 2. when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or 3. when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment'" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 875-876, quoting CPLR 1012[a]; see Al-Rowmeim v Alazwear, 233 AD3d 640, 642). "Additionally, upon a timely motion, the court, in its discretion, may permit a person to intervene, 'when a statute of the state confers a right to intervene . . . or when the person's claim or defense and the main action have a common question of law or fact'" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 876, quoting CPLR 1013). "Intervention under CPLR 1012 and 1013 requires a timely motion" (Castle Peak 2012-1 Loan Trust v Sattar, 140 AD3d 1107, 1108; see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 785).

"[I]ntervention may occur at any time, provided that it does not unduly delay the action or prejudice existing parties" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785 [internal quotation marks omitted]). "In examining the timeliness of the motion, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party"(Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201; see Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705, 706; Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d at 706 [internal quotation marks omitted]; see U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750).

Here, in March 2018, Resnick provided an affidavit in connection with this action, as well as in connection with an action in the Supreme Court, New York County (hereinafter the New York County action), which also involved the property. In June 2018, Resnick was deposed in connection with this action and the New York County action. During that deposition, Resnick was told that the property was the subject of the dispute and he was asked about the property. Whitwell LLC took title to the property on December 13, 2018. Nevertheless, Whitwell LLC failed to move for leave to intervene in this action until August 26, 2022, more than four years after Resnick provided an affidavit and was deposed in this action, six months after the nonjury trial in this action was held, and after the decision, made after the nonjury trial, was issued. Under these circumstances, Whitwell LLC's motion was untimely (see Genzler v JPMorgan Chase Bank, N.A., 228 AD3d 838, 840; Federal Natl. Mtge. Assn. v Thomas, 209 AD3d 841, 843).

Accordingly, the Supreme Court providently exercised its discretion in denying Whitwell LLC's motion for leave to intervene in the action, and thereupon, to vacate the decision and to deem served the proposed answer with counterclaims of Whitwell LLC.

In light of our determination, we need not reach the parties' remaining contentions.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court